UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LEROY MOORE, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:06CV757 CDP |
| DAIMLERCHRYSLER CORPORATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On March 14, 2007, I granted summary judgment in DaimlerChrysler's favor and dismissed plaintiff's complaint, with plaintiff to bear all taxable costs of the action. DaimlerChrysler has now filed a bill of costs seeking $4033.98.

Moore first objects to paying costs at all, arguing that he had a good faith basis for bringing the case. The cases he relies on are cases involving awards of attorneys fees, and that is not the issue here. DaimlerChrysler is the prevailing party, and it is entitled to recover the taxable costs of the action.

Under Rule 54(d), Fed. R. Civ. P., "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The specific costs that are recoverable are set out in 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although Moore does not challenge DaimlerChrysler's claim with regard to half the mediation fee ($300.00), mediation fees are not taxable costs, for the simple reason that they are not listed in the statute. I will therefore not order their taxation, even though Moore did not object.

Moore objects to DaimlerChrysler's claim for deposition costs in the amount of $1895.66, but these are properly taxable under the statute. All of the depositions were necessary for the case and it was reasonable to take them. It was reasonable for defendant to purchase copies of the depositions for which it did not have originals. Additionally, I will also allow the charge of $585.50 for the videotaping of plaintiff's deposition. While the statute only refers to the taxation of costs of the "stenographic transcript," courts within the Eighth Circuit have generally held that the statute implicitly permits the taxation of costs of video

depositions where those costs were reasonably incurred for use in the case.  See Maytag Corp. v. Electrolux Home Prod., 2006 U.S. Dist. LEXIS 89383, at *12-14 (N.D. Iowa Dec. 11, 2006).  Although the video was not actually used at trial because there was no trial, it was not unreasonable for DaimlerChrysler to videotape a single deposition of the plaintiff.

Under fees for exemplification and copies of papers necessarily obtained for use in this case, DaimlerChrysler seeks recovery of $1168.41 for photocopying of the documents it produced in discovery and $183.28 for the cost of Bates labeling.  I agree with Moore that a party's own expense for producing its own documents is not properly taxable, and the expense for Bates labeling is not necessary but simply convenient, and it was a task that could easily have been done by defense counsel staff without incurring outside expense.  The only properly taxable costs in this category are the amounts DaimlerChrysler paid to third parties to obtain documents from them, which is $37.28.

I will allow Daimler Chrysler to recover taxable costs of $2282.94 from Moore.  This total includes the filing fee of $350; $37.28 for exemplification and copies of papers necessarily obtained from third parties for the case; and $1895.66 for deposition costs (fees of the court reporter).  All of these costs are appropriate and the amounts sought are reasonable and supported by adequate documentation.

Accordingly,

**IT IS HEREBY ORDERED** that DaimlerChrysler's motion for bill of costs [#40] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the Clerk shall tax allowable costs in the amount of $2282.94.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2007.